ON APPLICATION FOR REHEARING
McMILLAN, Judge.
This court’s opinion of February 1, 1991, is withdrawn, and the following is substituted therefor.
The appellant was convicted of the capital offense of murder in the first degree during a burglary and, following a sentencing hearing, the jury recommended that he be sentenced to life imprisonment without parole, by a vote of 12 to 0. Thereafter, the trial court adopted the jury’s recommendation and sentenced the appellant to life imprisonment without parole.
The appellant, who is white, argues that the prosecutor used his peremptory challenges in a discriminatory manner, in violation of the appellant’s rights to equal protection under the Fourteenth Amendment to the United States Constitution and his rights to a jury venire comprised of a fair cross-section of the community under the Sixth Amendment to the United States Constitution. The record indicates that the State used 20 of its 23 strikes to remove black potential jurors. The appellant objected at trial, claiming that the strikes *250 were racially motivated and that they were prejudicial and discriminatory to him. He then made a motion for the State to come forward with race-neutral reasons for the strikes. The trial court overruled the appellant’s objection and denied his request for such a showing.
The United States Supreme Court has held that a white defendant has standing to raise a challenge to the exclusion of blacks from his jury under the Sixth Amendment, but that such a claim fails because the Sixth Amendment’s guarantee to an impartial jury does not mean a representative jury. Holland v. Illinois, 493 U.S. 474, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990). Thus, the fair cross-section requirement does not prohibit peremptory challenges, as such challenges are necessary to remove extremes of partiality from both sides, ensuring an impartial jury. Id.
However, the appellant was entitled to the granting of his request that the prosecutor come forward with race-neutral reasons for his strikes, pursuant to his rights to equal protection. In Powers v. Ohio, — U.S. -, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the United States Supreme Court held:
“In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief premised on the legal rights or interests of third parties. United States Dep’t of Labor v. Triplett, 494 U.S. 715, - [110 S.Ct. 1428, -, 108 L.Ed.2d 701] (1990); Singleton v. Wulff, 428 U.S. 106 [96 S.Ct. 2868, 49 L.Ed.2d 826] (1976). This fundamental restriction on our authority admits of certain, limited exceptions. We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: the litigant must have suffered an ‘injury-in-fact,’ thus giving him or her a ‘sufficiently concrete interest’ in the outcome of the issue in dispute. Singleton, supra, at 112 [96 S.Ct., at 2873]; the litigant must have a close relation to the third party, id., at 113-114 [96 S.Ct., at 2873-2874]; and there must exist some hindrance to the third party’s ability to protect his or her own interests. Id., at 115-116 [96 S.Ct., at 2874-2875],
“The discriminatory use of peremptory challenges by the prosecution causes a criminal defendant cognizable injury, and the defendant has a concrete interest in challenging the practice. See Allen v. Hardy, 478 U.S. [255], at 259 [106 S.Ct. 2878, at 2880, 92 L.Ed.2d 199 (1986)] (recognizing a defendant’s interest in ‘neutral jury selection procedures’) ... [I]t is because racial discrimination in the selection of jurors ‘casts doubt on the integrity of the judicial process,’ Rose v. Mitchell, 443 U.S. 545, 556 [99 S.Ct. 2993, 3000, 61 L.Ed.2d 739] (1979), and places the fairness of a criminal proceeding in doubt.
“We noted in Singleton that in certain circumstances ‘the relationship between the litigant and the third party may be such that the former is fully, or very nearly, as effective a proponent of the right as the latter.’ 428 U.S., at 115 [96 S.Ct., at 2874]. Here, the relation between petitioner and the excluded jurors is as close as, if not closer than, those we have recognized to convey third-party standing in our prior cases....
“The final inquiry in our third-party standing analysis involves the likelihood and ability of the third parties, the excluded venirepersons, to assert their own rights. See Singleton, supra, at 115-116 [96 S.Ct., at 2874-2875]. We have held that individual jurors subjected to racial exclusion have the legal right to bring suit on their own behalf. Carter v. Jury Comm’n of Greene County ], 396 U.S. [320], at 330 [90 S.Ct. 518, at 523, 24 L.Ed.2d 549 (1970) ]. As a practical matter, however, these challenges are rare....
“The barriers to a suit by an excluded juror are daunting. Potential jurors are not parties to the jury selection process and have no opportunity to be heard at the time of their exclusion. Nor can excluded jurors easily obtain the declara *251 tory or injunctive relief when discrimination occurs through an individual prosecutor’s exercise of peremptory challenges ....
“We conclude that a defendant in a criminal case can raise the third-party equal protection claims of jurors excluded by the prosecution because of their race. In so doing, we once again decline ‘to reverse a course of decisions of long standing directed against racial discrimination in the administration of justice.’ Cassell v. Texas, 339 U.S. 282, 290 [70 S.Ct. 629, 633, 94 L.Ed. 839] (1950) (Frankfurter, J., concurring in judgment). To bar petitioner’s claim because his race differs from that of the excluded jurors would be to condone the arbitrary exclusion of citizens from the duty, hon- or, and privilege of jury service.”
Thus, a criminal defendant, regardless of his race, is entitled to raise an objection to a claimed violation of his rights pursuant to the holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In the present case, the prosecutor should have been required to come forward with race-neutral explanations for his peremptory strikes of black jurors. Under the holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), a defendant is “entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits ‘those to discriminate who are of a mind to discriminate.’ Avery v. Georgia, [345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953).]” Batson, 476 U.S. at 96, 106 S.Ct. at 1723. “After the appellant has made a prima facie showing of discrimination against black jurors, the burden shifts to the State to produce neutral explanations for challenging the black jurors.” Funches v. State, 518 So.2d 781, 783 (Ala.Cr.App.1987). Thus, in accordance with the Alabama Supreme Court’s decision in Ex parte Branch, 526 So.2d 609, modified on rehearing (Ala. 1987), and the United States Supreme Court decision in Batson v. Kentucky, supra, this cause is remanded to the trial court to conduct proceedings consistent with those decisions. The trial court is instructed to file findings of facts and conclusions with this court within 90 days.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.
All the Judges concur.